**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**AUDREY ANNETTE TILLERY-PERDUE**                                        **PLAINTIFF**

**v.**                                  **Case No. 4:21-mc-00007-KGB**

**BP EXPLORATION & PRODUCTION INC. and
BP AMERICA PRODUCTION COMPANY**                           **DEFENDANTS**

## <u>ORDER</u>

Pending before the Court is non-party Center for Toxicology and Environmental Health LLC's ("CTEH") motion to quash and for protective order (Dkt. No. 2). Also pending before the Court is the opposed motion to transfer non-party CTEH's motion to quash and for protective order pursuant to Federal Rule of Civil Procedure 45(f) filed by plaintiff Audrey Annette Tillery-Perdue, individually and as personal representative of the estate of Eddie Lewis Perdue (Dkt. No. 16). Ms. Tillery-Perdue also filed a motion for oral hearing on her motion to transfer (Dkt. No. 17). CTEH has responded in opposition to Ms. Tillery-Perdue's motion to transfer (Dkt. No. 19). Ms. Tillery-Perdue has replied to CTEH's response (Dkt. No. 20). For the reasons set forth below, the Court grants the motion to transfer; CTEH's motion to quash and for protective order is transferred to the United States District Court for the Northern District of Florida (Dkt. No. 16). The Court denies Ms. Tillery-Perdue's motion for oral hearing on her motion to transfer (Dkt. No. 17).

### I.     Background

This matter stems from multidistrict litigation proceedings ("MDL") resulting from the 2010 Deepwater Horizon Oil Spill and response efforts which were consolidated initially in the Eastern District of Louisiana. *In re Deepwater Horizon*, Case No. 2:10-md-02179-CJB-SS (E.D. La). Ms. Tillery-Perdue's case is one of many Back-End Litigation Option ("BELO") lawsuits against BP Exploration & Production Inc. and BP America Production Company (collectively

"BP") brought pursuant to the terms of the Medical Benefits Class Action Settlement Agreement ("MSA") entered into in the MDL on January 11, 2013 (Dkt. No. 16-1, ¶ 1, n. 1). *In re Deepwater Horizon*, Case No. 2:10-md-02179-CJB-SS, Order And Reasons (Dkt. No. 8217); Order And Judgment (Dkt. No. 8218). Ms. Tillery-Perdue's case and approximately 170 other BELO cases involving the Deepwater Horizon Oil Spill were returned to the United States District Court for the Northern District of Florida. *See In re Deepwater Horizon BELO Cases*, Case No. 3:19-cv-963-MCR-GRJ, Order Establishing Master Docket (N.D. Fl. April 25, 2019).

CTEH is an Industrial Hygiene group that worked on behalf of BP during the post-spill response to collect and analyze Industrial Hygiene data and reports of work-related illness and injuries (Dkt. No. 16-1, ¶ 3). "For the BELO plaintiffs, although the [MSA] established the fact of exposure, it expressly required proof of the amount and location of the toxic substances they claim have harmed them, as well as their level of exposure and legal causation." (Dkt. No. 16-2, at 20). Pursuant to the terms of the MSA, class members have a contractual right to file a BELO suit for "Later Manifested Physical Conditions" ("LMPC") which were not diagnosed at the time of the MSA. *In re Deepwater Horizon*, Case No. 2:10-md-02179-CJB-SS, Order And Reasons (Dkt. No. 8217); Order And Judgment (Dkt. No. 8218).

Ms. Tillery-Perdue's case has been designated as a "Group 3" case by the Northern District of Florida's Revised Case Management Order and is proceeding under that Court's third revised scheduling Order (Dkt. No. 16-1, ¶ 6). *See also Tillery-Perdue v. BP Exploration & Production Inc. et al.*, Case No. 5:21-cv-00052-MCR-GRJ, Revised Case Management Order (N.D. Fl. April 30, 2021). Under that scheduling Order, Ms. Tillery-Perdue's expert disclosure deadline is December 1, 2021, and the discovery cut-off is February 25, 2022. *Id*.

Ms. Tillery-Perdue asserts that the BELO cases "present novel and complex scientific evidence" and that she cannot meet the "exacting burden of proving the harmful measure of exposure and legal causation without presenting numerous experts to testify on causation because counter-expert reports by the BP Defendants rely on a large quantity of occupational monitoring datasets generated by BP's Industrial Hygiene and worker safety monitoring contractor, CTEH." (Dkt. No. 16-1, ¶ 7).   The Northern District of Florida has adopted a bellwether test case management strategy by ordering the parties to select proposed bellwether trials in order to resolve certain issues common to all BELO cases regarding general causation for certain commonly alleged medical conditions resulting from exposure (Dkt. No. 16-1, ¶ 8).

On September 16, 2021, CTEH filed a motion to quash and for protective order regarding a subpoena served on CTEH by Ms. Tillery-Perdue that demands that CTEH produce a witness to testify concerning 42 "areas of inquiry" with respect to work it performed between April 2010 and April 2012 involving the Deepwater Horizon Oil Spill (Dkt. No. 2, at 5-17).   The subpoena also demands production of documents under 32 separate requests and requires that the documents be produced at a deposition that was scheduled for September 21, 2021 (*Id.*, at 18-21).   CTEH served Ms. Tillery-Perdue with objections to the subpoena and deposition notice and then filed its motion to quash in this Court (*Id.*, at 46-68).

In her motion to transfer, Ms. Tillery-Perdue argues that there is good cause to transfer the motion to quash and for protective order under the exceptional circumstances rule in Federal Rule of Civil Procedure 45(f) (Dkt. No. 16).   More specifically, Ms. Tillery-Perdue asserts that the underlying case is complex scientifically and legally; the Northern District of Florida is familiar with the underlying litigation and the complex scientific and legal issues; the underlying case has been pending for two years and that transfer would prevent disruption to the underlying litigation

and inconsistent rulings; and CTEH would not be prejudiced by transfer (Dkt. No. 16-1). Ms. Tillery-Perdue moved for an oral hearing on her motion to transfer (Dkt. No. 17).

CTEH responds to the motion to transfer arguing that the complexity does not involve the motion to quash; the Northern District of Florida's underlying familiarity does not warrant transfer; the transfer is not warranted due to the claimed possibility of disrupting the underlying litigation; that CTEH will be burdened if the Court grants the motion to transfer because CTEH and its counsel are located in Arkansas; and Ms. Tillery-Perdue conflates the motion to quash with the motion to transfer and that the Court need not consider the evidence when considering the motion to transfer (Dkt. No. 19). In its response to the motion to transfer, CTEH asserts that "[n]early all of the documents and information requested have been provided to the defendants in the underlying action, [BP], and/or governmental agencies and are available to Plaintiff through previously-disclosed websites." (Dkt. No. 19, at 2). CTEH contends that "any additional documentation that may exist would only be available through a search of a warehouse that would require innumerable man-hours and expense to locate, and then additional time and expense to review for privileged and protected information." (*Id.*).

In her reply to the response, Ms. Tillery-Perdue states that CTEH confuses the analysis of Federal Rule of Civil Procedure 45(f) (Dkt. No. 20). Ms. Tillery-Perdue argues that, when considering a motion to transfer under Federal Rule of Civil Procedure 45(f), the Court must balance a number of factors and that no one factor is dispositive (*Id.*). Finally, Ms. Tillery-Perdue claims that she has satisfied her burden of establishing that good cause exists to transfer the motion to quash (*Id.*).

## II.     Legal Standard

A recipient of a subpoena may move "the court for the district where compliance is required [to] quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The court where compliance is required may transfer the motion to quash to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Federal Rule of Civil Procedure 45 does not define what constitutes "exceptional circumstances." The 2013 advisory committee notes to Rule 45, however, provide some guidance. *See Leon v. N. Nat'l Gas Co.*, Case No. 21-MC-0042 (WMW/ECW), 2021 WL 4452874, at *3-4 (D. Minn. Sept. 29, 2021) (considering whether the underlying litigation would be disrupted if the subpoena dispute is not transferred; whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel) (citing *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, Case No. 20-mc-064 (ECT/ECW), 2020 WL 5988498, *4 (D. Minn. Oct. 9, 2020) (citing *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D. D.C. 2017))).

The 2013 advisory committee notes to Rule 45 provide in pertinent part:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge

in the issuing court presiding over the underlying case while addressing subpoena-related motions.

If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending.   The rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court.

Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment.

### III.    Analysis

As an initial matter, the Court denies Ms. Tillery-Perdue's motion for an oral hearing on her motion to transfer CTEH's motion to quash and for protective order because the Court does not find that a hearing is necessary for it to understand the issues raised in the filings submitted by the parties.

In analyzing Ms. Tillery-Perdue's motion to transfer, the Court will consider whether the underlying litigation would be disrupted by this Court ruling on CTEH's motion to quash and for protective order; whether the nonparty subpoena recipient will suffer undue burden or cost if this Court transfers the motion to quash and for protective order; and whether based on various considerations the issuing court is in the best position to rule on the motion to compel given the facts of this case.  *Leon*, 2021 WL 4452874, at *3-4 (considering whether the underlying litigation would be disrupted if the subpoena dispute is not transferred; whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel) (citing *In re Syngenta AG MIR162 Corn Litig.*, 2020 WL 5988498, *4 (citing *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 376 (D.D.C. 2017))).   The Court finds that

exceptional circumstances warrant transferring the motion to quash and motion for protective order to the Northern District of Florida where the underlying litigation is pending.

On the issue of whether the underlying litigation would be disrupted if the motion to quash and motion for protective order remain in this Court, the Court notes that Ms. Tillery-Perdue's case is a BELO case that arises out of the MSA entered into in the MDL on January 11, 2013.  Ms. Tillery-Perdue's case was filed in 2019 and is one of roughly 170 other BELO cases that returned from the MDL and are assigned to United States District Judge M. Casey Rogers and United States Magistrate Judge Gary R. Jones.  The operative case management order for Ms. Tillery-Perdue's case, which is one of several that the Northern District of Florida has designated as a "Group 3" case, provides that Ms. Tillery-Perdue's expert disclosures are due on December 1, 2021, and the discovery cut-off is set for February 25, 2022.  Ms. Tillery-Perdue's case does not stand alone in that the Court's adjudication of the subpoena-related motion concerning BP's Industrial Hygiene data could affect a number of similarly situated BELO plaintiffs in the Northern District of Florida, and transfer would result in the most expeditious and inexpensive resolution of the issues raised in the motion to quash that affect BELO claims.  *See Pete v. Big Picture Loans, LLC*, Case No. 019MC00077JRTKMM, 2019 WL 6250715, at *1 (D. Minn. Nov. 22, 2019) (finding that transfer of motion to quash was appropriate in part because the underlying litigation was "uniquely complex, with several directly and closely related cases being managed" by the same judge who welcomed transfer of subpoena-related motions from other districts).

CTEH argues that it would be prejudiced by the Court transferring the motion to quash and for protective order to the Northern District of Florida because both CTEH and its counsel are in Arkansas.  From the Court's view, however, the parties have now fully briefed the motion to quash, and the Court sees no reason why (nor has CTEH presented any reason why) additional briefing

would be required as a result of the transfer.  Further, CTEH's concerns about the burden of appearing in the Northern District of Florida are somewhat alleviated by Rule 45(f)'s language allowing "the attorney for a person subject to a subpoena [that] is authorized to practice in the court where the motion was made, [to] file papers and appear on the motion as an officer of the issuing court."  Fed. R. Civ. P. 45(f).  Additionally, "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending." Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment. Even without that provision in Rule 45(f), Ms. Tillery-Perdue states that the Northern District of Florida has an efficient process to allow for *pro hac vice* admission in BELO cases and holds telephonic motion hearings that would not require the non-party or counsel to travel (Dkt. No. 16-1, at 19).  To the extent CTEH raises concerns regarding the burden of complying with the subpoena, those issues are better decided by the Northern District of Florida.

On the issue of whether the Northern District of Florida is in the best position to rule on the motion to quash and for protective order given the facts of this case, the Court agrees with Ms. Tillery-Perdue that the underlying matter is complex both scientifically and legally and that the United States District Court in the Northern District of Florida is more familiar with the scientific issues arising from CTEH's motion to quash (Dkt. No. 16-1, at 7-14).  According to Ms. Tillery-Perdue, counsel for Ms. Tillery-Perdue have retained a number of experts whom they expect to provide opinions in BELO cases based on the field data collected by CTEH, and the expert opinions are necessary for Ms. Tillery-Perdue and other BELO plaintiffs to address adequately summary judgment (*Id*., at 7-12).  Ms. Tillery-Perdue argues that, to the extent that CTEH argues in its motion to quash and for protective order that her document requests are not relevant to any

claim or defense in the case, are not proportional to the needs of the case, and are overbroad, the Northern District of Florida, where a significant number of BELO cases are pending, is in a better position to balance the importance of the discovery sought by the requests in the subpoena and its relevance to the underlying case against the burden imposed on CTEH.  *See Leon*, 2021 WL 4452874, at *4 (concluding the Western District of Texas, who issued the subpoena, was in the best position to balance the importance of the discovery sought in the subpoena with the burden imposed on the non-party).

CTEH points to *Hinton v. BP*, Case No. 4:19-cv-02601, Dkt. No. 31, at 17 (S.D. Tex June 2, 2020), a BELO case where a United States Magistrate Judge with the District Court for the Southern District of Texas quashed what CTEH states was a "less burdensome subpoena against CTEH," for the proposition that the issues raised in the motion to quash are not complex (Dkt. Nos. 2, at 69; 19, at 2-3).  The Court does not, however, find *Hinton* persuasive because in *Hinton* CTEH filed its motion to quash in the court that issued the subpoena, so this Court understands that the *Hinton* court never considered the factors relevant to transfer under Federal Rule of Civil Procedure 45(f).

In sum, transfer of the motion to quash and for protective order is "warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes," *In re Syngenta*, 2020 WL 5988498, at *4 (quoting *In re Niaspan Antitrust Litig.*, Civ. Case No. JKB-15-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015)), and to avoid disruption of "the issuing court's management of the underlying litigation."  Fed. R. Civ. P. 45(f), advisory committee notes to 2013 amendment.

## IV.    Conclusion

The Court denies Ms. Tillery-Perdue's motion for oral hearing on her motion to transfer (Dkt. No. 17).   The Court grants Ms. Tillery-Perdue's opposed motion to transfer non-party CTEH's motion to quash and for protective order pursuant to Federal Rule of Civil Procedure 45(f) (Dkt. No. 16).   CTEH's motion to quash and for protective order is transferred to the United States District Court for the Northern District of Florida.

So ordered this 30th day of December, 2021.

Kristine G. Baker
United States District Judge